UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION

CASE NO.:

UNITED STATES OF AMERICA

            Plaintiff

vs.

EDDIE WARE,

            Defendant
_____/



COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2625.00, plus interest on this principal amount computed at the rate of 8.00% percent per annum in the amount of $1182.43, plus interest thereafter on this principal until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.



WHEREFORE, plaintiff prays judgment against the defendant for the total of $3807.43, plus interest at 8.00% percent per annum on the principal amount of $2625.00, to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __14__ day of __December__, 1999.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. (305) 961-9360
Fax No. (305) 530-7195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: EDDIE WARE
AKA:

Address: 824 NW 10TH ST

HALLANDALE, FL 33009
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 1/20/99.

On or about 10/19/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from MERCHANTS NATIONAL BANK OF TOPEKA at 8.00% percent interest per annum. This loan obligation was guaranteed by NEBRASKA STUDENT LOAN PROGRAM and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/23/92, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,139.46 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 1/9/96, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $32.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,625.00 |
| Interest: | $ 994.44 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total Debt as of 1/20/99: | $ 3,619.44 |

Interest accrues on the principal shown here at the rate of $0.58 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/23/99    Name: Joan Dyer
                         Title: Loan Analyst
                         Branch: Litigation



**NSLP Application/Promissory Note**  10/24/93  NOV 13 1989  GSL

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

## SECTION I - TO BE COMPLETED BY STUDENT BORROWER — Type or print clearly with a ballpoint pen. Read the instructions carefully.

1. Social Security Number: 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
2. Last Name: Ware   First: Eddie
3. Birth Date: 2-23-57
4. Home Area Code/Telephone Number: (305) 454-0388
5. Permanent Home Address: 513 N.W. 7th Ave #A, Hllde, FL 33
6. U.S. Citizenship Status: (a) U.S. Citizen [X]
7. Driver's License Number: none
8. State of Legal Residence: FL Since 2/57
9. Have you ever defaulted: No
11. Intended Enrollment: Full-time [X]
12. Prior to the school year... enrolled beyond high school? No [X]
10. Requested Loan Amount: $2625.00
13. Period: From 10/89 To 7/9
14. While in School, You Intend To Live: S/A
15. Major: M/T

16. Do you have any outstanding GSL, FISL, PLUS, SLS, ALAS debts? No [X]

17. (a) Endorser: **Morraine Ware**, 608 N.W. 5th Ave, Hallandale FL 33009, Phone H-305-961-2025 W-305-654-5245
(b) Adult Relative: **Adene Florence**, 513 N.W. 7th Ave #B, Hallandale FL 33009, Phone H-305 NONE W-305-457-2510
(c) Other: **Annie Gilbert**, 18835 NW 36th, Carol City FL, Phone H-305-624-5287 W-305-624-

18a. Signature of Borrower: Eddie Mae Ware   Date: 10/19/89
18b. Signature of Endorser: n/a

## SECTION II - TO BE COMPLETED BY SCHOOL

19. Name of School: **MIAMI TECHNICAL COLLEGE**
22. Address: 14701 N.W. 7 AVENUE, NORTH MIAMI, FL 33168
20. For School Use: M
21. School Code: 021547
23. Telephone: (305) 457-59

24A. Loan Period: From 10/16/89 To 6/15/90
24B. Borrower Enrollment: Full-time [X]
25. Grade Level: Undergraduate 1 [X]
26. Dependency Status: Independent [X]
27. Anticipated Graduation Date: 11/1/90

28. Estimated Cost: $2853
29. Estimated Financial Aid: $2300
30. Expected Family Contribution: $37
31. Difference: $916
32. Amount School Approved: $2625

33. Signature of School Official: [signed]   Print Name & Title: Sandra Perez F.A.D.   Date: 10-25-89

34. Suggested Disbursement Dates: 1. 10 / / ; 2. 12 / /

## SECTION III - TO BE COMPLETED BY LENDER

35. Name of Lender: Merchants National Bank of Topeka C/O Loan Processing Center
38. Address: P.O. Box 6961, Lincoln, NE 68506
39. Telephone: (913) 291-1213
36. For Lender Use: M
37. Scheduled Disbursement Amounts and Dates: 1. $1313 11/10 ; 2. $1312 2/16 ; 3. ____ ; Total $2625

40. Signature of Authorized Lending Official: [signed]
41. Lender Code: 804725
42. Print or Type Name and Title: Carol Samqua, Student Loans
43. Date: 11-13-89

45. List current borrower indebtedness at your institution: GSL/FISL ____ PLUS/SLS/ALAS ____

© Copyright 1988 NSLP, Inc. All rights reserved. This form is to be used only for loans guaranteed by NSLP.

LENDER

**Promissory Note** (continued from Application/Promissory Note)

B. **Date Note Becomes Due:** I will repay this loan in periodic installments during a repayment period that will begin no later than the day after the last day of my grace period. My grace period is that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period, however, I may request that my repayment period begin on an earlier date.

C. **Interest:** (1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note. (4) The interest rate will be determined according to the following: (a) if I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on outstanding GSL(s). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL(s) but I do have an outstanding balance on any PLUS, Supplemental Loan Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until end of the fourth year of my repayment status, and (b) beginning with the fifth year of my repayment status, will be identified on the Disclosure Statement. (6) I may also receive rebate interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to unpaid principal balance (capitalization) of this loan in accordance with policies of NSLP.

D. **The Guarantee Fee:** If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. The lender will deduct this premium pro[...] from each disbursement of principal on this loan.

**The Origination Fee:** If required to do so by the lender, I will p[...] [...]ed by Federal law. The may deduct this fee from the proceeds of the loan.

E. **Default and Acceleration:** Default means the failure of a borro[...] [...]der circumstances where Secretary or the NSLP finds it reasonable to conclude that t[...] [...] for (1) 180 days for a repayable in monthly installments; or (2) 240 days for a loan [...] e unpaid amount of the including interest, immediately due and payable; (2) the lende[...] [...]bout the default: (3) I v ineligible to receive assistance from any of the following Fe[...] [...]tate Student Incentive G Perkins Loan (formerly called National Direct Student Loan), G[...] (4) I will be ineligible fr benefits described under Deferment and Interest in this Prom[...]

F. **Collection Costs-Late Charges:** If I fail to pay any of these am[...] t are permitted by Feder[...] and regulations for the collection of these amounts. If this loa[...] will pay those collection which do not exceed 25 percent of the unpaid principal and [...] pay all or part of a req installment payment within 10 days after it is due or if I fa[...] [...]ibed under Deferment [...] Promissory Note. A late charge may not exceed 6 cents for [...]

G. **Prepayment:** I may, at my option and without penalty, prepay [...] unearned interest that I paid.

H. **Additional Agreements:** (1) The proceeds of this loan will be [...] [...]ny notice required to be to me, including my Disclosure Statement, will be effective [...] [...]. (3) Your failure to enfor insist that I comply with any terms of this Note is not a waive[...] [...]s required under its guar[...] to repay my loan(s) because I have defaulted. NSLP will bec[...] [...]e this Note against me. (S loan will be cancelled if I die or become totally and permanen[...] f this Note. (7) The endor[...] any, signs the Promissory Note in the capacity of an endors[...] [...]entment for payment, noti nonpayment, protest, and notice of protest, and acknowledg[...] g any deferment in accord with Section I of this Promissory Note or modification of re[...]

I. **Deferment:** You will let me pay interest only, if such interest [...] [...]nt period has begun if I an in default, and I can provide you with written evidence that I [...] must notify my lender whe[...] condition entitling me to the deferment no longer exists. I v[...]

J. **Repayment in Installments:** I will repay the total amount d[...] [...]aph E, in which case the e outstanding principal balance plus any unpaid interest I ow[...] you will send me a Repayr Disclosure which shows the repayment terms that will bec[...] The Repayment Disclosure include all loans I have received from you under the Nebras[...] [...]r a period of not less than 5 more than 10 years after this Note becomes due, not count[...] [...]ee to a repayment period th shorter than 5 years. However, I may at any time later have [...] tal payments for any year of repayment period for all my GSL, PLUS and SLS (former[...] GSL, PLUS or SLS Loan (or balance of all such loans plus accrued interest, if less tha[...]

K. **Credit Bureau Notification:** If I default on this loan, the [...] cantly and adversely affect ability to obtain other credit. If I default on this loan, th[...] [...]efault will be disclosed to cr bureau organizations unless I enter into repayment on the [...] status of this loan to any cr bureau organization and must make a timely response to [...] leteness of information repo[...] about me. If not otherwise prohibited by law, the lender n[...]

L. **Borrower Rights and Responsibilities:** Before signing thi[...] [...] 6 of this booklet.

M. **Transfer of Note:** This Note may be transferred to a holder [...] set forth herein. I will be noti of any such transfer in writing.

---

**ASSIGNMENT OF PROMISSORY NOTE**

**AFFIX TO BACK OF PROMISSORY NOTE**

Pay to the order of NSLP, Nebraska Student Loan Program, Inc., without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party against the undersigned; and
   b) the undersigned is in compliance with the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and NSLP, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by NSLP.
   c) warrants that to the extent it has knowledge of any insolvency proceeding it has disclosed the same to NSLP.

2. Acknowledges that:
   a) upon payment in full by NSLP of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, NSLP will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by NSLP of the undersigned's claim and acceptance by NSLP of transfer of this instrument in consideration thereof, NSLP has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE: *Olga Clinton*    DATE: 6-23-93

NAME: _____    TITLE: _____

0808APN01

---

**Borrower Certification**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due to up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution(s), subsequent holder(s), U.S. Department of Education, NSLP or their age[...] and to redisclose to other educational institutions for any purpose permitted by law, any information requested by such persons pertinent to this loan (e.g., employment, enrollment status, [...] other aspects of my student loan borrowing history). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period cove[...] by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educatio expenses related to attendance in that school for the loan period stated in Item 24A. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Par[...] (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Basic Grant, Supplemental Educational Opportunity Grant. State Student Incentive Grant that I received to attend any school and am not now in default on a Perkins Loan (formerly National Direct or Defense Student Loan), Guaranteed Student Lo[...] Federally Insured Student Loan, PLUS Loan, SLS Loan, or an ALAS Loan for attendance at any school. I further authorize my lending institution to issue a check covering the proceeds of my lo in full, or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II. I have read and understand the "Statement Borrower's Rights and Responsibilities" supplied with this application. I also certify that I am not enrolled in an elementary or secondary school during the loan period covered by this applicati[...]

I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, late charges, and other informati[...] pertinent to my loan(s). I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on [...] Disclosure Statement applies.

**School Certification**

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student, is in good standing and is making satisfactory progress in a progra[...] determined to be eligible for the Guaranteed Student Loan Program. I further certify (for periods of enrollment beginning on or after July 1, 1987) that this student is enrolled or accepted f enrollment in a degree or certificate program. Based on records available to me. I further certify that this student is neither in default nor owes a refund with respect to financial assistance und Title IV of the Higher Education Act of 1965, as amended, for attendance at this or any school, and that the information provided in Section II is true, complete, and correct to the best of n knowledge and belief. I certify that based upon records available at this institution this student has satisfied the requirements under the Selective Service Act necessary to receive financial aid further certify that I have determined the eligibility or ineligibility for a Pell Grant.

**NOTICE TO BORROWER AND ENDORSER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION/PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**00-6005**
**CIV-FERGUSON**
**MAGISTRATE JUDGE SNOW**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I.(a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
EDDIE WARE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

B-Broward   00CV6005   FERGUSON / SNOW
King / Sullivan

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
THOMAS E. SCOTT - U.S. ATTORNEY
99 N.E. 4th STREET SUITE 300
MIAMI, FL 33132-2111 (305) 961-9311

**ATTORNEYS (IF KNOWN)**

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
- A OR B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
- **HABEAS CORPUS:**
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERAL STUDENT LOAN 34 CFR 682.100 (4) (d)

**LENGTH OF TRIAL** _____ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND** $3,807.43 + interest & penalty
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 1/3/00
**SIGNATURE OF ATTORNEY OF RECORD** _____
Mary F. Dooley, AUSA

**FOR OFFICE USE ONLY**
RECEIPT _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____